# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 15-571V
### (Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
|  |  |  |
|---|---|---|
| HILTON H. DIER, | \* | Special Master Corcoran |
|  | \* |  |
| Petitioner, | \* | Filed: January 18, 2017 |
|  | \* |  |
| v. | \* | Decision; Attorney's Fees and Costs. |
|  | \* |  |
|  | \* |  |
| SECRETARY OF HEALTH AND | \* |  |
| HUMAN SERVICES, | \* |  |
|  | \* |  |
| Respondent. | \* |  |
|  | \* |  |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Paul S. Dannenberg*, Law Offices of Paul S. Dannenberg, Huntington, VT, for Petitioner.

*Darryl R. Wishard*, U. S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

On June 5, 2015, Hilton H. Dier filed a petition seeking compensation under the National Vaccine Injury Compensation Program, alleging that he suffered from a shoulder injury related to vaccine administration ("SIRVA") as a result of his December 4, 2012, receipt of the influenza vaccine.[2] ECF No. 1.

Thereafter, the parties entered into informal settlement negotiations and requested I issue

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

a "15-Week" Order, and I did so on May 10, 2016. ECF No. 18. The parties then filed their stipulation for an award of $50,000.00 in damages on July 5, 2016 (ECF No. 20), which I adopted by decision dated July 8, 2016. ECF No. 22.

Petitioner has now filed a motion for a final award of attorney's fees and costs, dated January 14, 2017. *See* ECF No. 29 ("Fees App."). Petitioner requests reimbursement of attorney's fees and costs in the amount of $14,263.98,[3] representing attorney's fees in the amount of $14,153.00, plus costs in the amount of $110.98. Fees App. at 9. Petitioner requests $265 per hour for Mr. Dannenberg's work on the case in 2014 when he first began work on the matter, with an increase to $275 per hour for work performed from 2015 to the present. *Id.* at 2. In addition, and in compliance with General Order No. 9, Petitioner represents that he incurred $400.00 of litigation-related expenses in conjunction with this proceeding that should be separately awarded solely to him. ECF No. 29-4 at 4.

Respondent filed a brief reacting to Petitioner's fees request on January 17, 2017. ECF No. 30. Respondent asserts that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for Respondent in the resolution of a request by a Petitioner for an award of attorney's fees and costs." *Id.* at 1. Respondent added, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. She respectfully recommended that I exercise my discretion in determining a reasonable award for attorney's fees and costs in this matter. *Id.*

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). An attorney's reasonable hourly rate is determined by the "forum rule," which bases the award on rates paid to similarly qualified attorneys in the forum in which the relevant court sits (Washington, DC, for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). The hourly rate ranges for attorneys of different levels of experience who are entitled to the forum rate in Vaccine Program cases are set forth in *McCulloch v. Sec'y of*

---

[3] In the conclusion of his fees application, Petitioner lists $14,153.00 as the total amount of fees and costs requested. *See* Fees App. at 9. However, the brief itself requests $14,153.00 in attorney's fees, and $110.98 in attorney's costs. Therefore, the correct total amount Petitioner requests is $14,263.98, in addition to the $400.00 filing fee Petitioner paid himself.

*Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).[4]

This matter was handled by one attorney – Mr. Paul S. Dannenberg. I have previously found (as recently as June 2016) that Mr. Dannenberg is not entitled to forum rates, because the majority of his work is performed at his office in Huntington, Vermont, and the local billing rate is considerably lower than the forum rate. *See Glaser v. Sec'y of Health & Human Servs.*, No. 06-764V, 2016 WL 4491493, at *7 (Fed Cl. Spec. Mstr. June 6, 2016), *vacated on other grounds*, 2016 WL 4483022 (June 29, 2016). In *Glaser*, I determined Mr. Dannenberg's appropriate hourly rates based on the local Vermont rates, taking into account inflation as well as Mr. Dannenberg's experience litigating in the Vaccine Program. *Glaser*, 2016 WL 4491493, at *7. Thus, I set Mr. Dannenberg's hourly rates as $237 per hour for 2014 and 2015, and $238 per hour for 2016. *Id.*

Petitioner has not set forth any new bases in the present fees application to justify deviating from my prior determination of Mr. Dannenberg's appropriate rates, based on my conclusion that he is not entitled to forum rates. In support of the higher requested rates, Petitioner has offered affidavits from three other practicing attorneys in the same geographic location as Mr. Dannenberg. *See* ECF No. 29-2. However, I considered these same affidavits in *Glaser*, and therefore they do not present new reasoning for raising Mr. Dannenberg's hourly rates. *See Glaser*, 2016 WL 4491493, at *3.

Petitioner also argues that Mr. Dannenberg's rates should be raised due to the higher rates he received in *Schueman v. Sec'y of Health & Human Servs.*, No. 04-693V, 2010 WL 3421956 (Fed. Cl. Spec. Mstr. Aug. 11, 2010). However, this is also not a new argument that merits reconsideration of my determination in *Glaser*. In fact, I considered the rates and reasoning set forth in *Schueman* in my *Glaser* decision, and found its reasoning less persuasive than other cases that awarded Mr. Dannenberg non-forum, lower rates. *Glaser*, 2016 WL 4491493, at *6-7.[5]

---

[4] The *McCulloch* forum rate ranges have been compiled into a list and posted to the Vaccine Claims section of the United States Court of Federal Claims website. This forum hourly rate fee schedule can be accessed at: http://www.uscfc.uscourts.gov/vaccine-programoffice-special-masters.

[5] Mr. Dier's fees application also spends considerable time arguing that my rates determination in *Glaser* was punitive – and/or "based on an erroneous view of the record" in that case. Fees App. at 3-8. As noted in *Glaser*, the matter languished in unproductive settlement discussions for many years, and I took counsel's inactivity and/or failure to prosecute the case diligently into account in the overall fee award therein. *Glaser*, 2016 WL 4491493, at *7-9. But such reasoning is inapplicable to this case, which was prosecuted far more rapidly, and thus complaints about the outcome of a different fees determination are irrelevant to present circumstances.

In any event, my rates determination in *Glaser*, which I apply herein as well, was *separate* from my decision to reduce fees (the allegedly punitive component of that fees determination). Instead, I first calculated the appropriate local hourly rates for Mr. Dannenberg, and *then* reduced the overall amount of fees awarded based on my view that he was extremely dilatory in resolving the case.

Therefore, the previously-set hourly rates are appropriate, and Petitioner's arguments do not justify a higher hourly rate. Mr. Dannenberg will therefore receive $237 per hour for his work on this case in 2014 and 2015, with an increase to $238 per hour for work performed from 2016 through the present.[6]

The majority of the hours expended on this matter (51.6 hours in total) appear to be reasonable. Petitioner is entitled to fees in a prevailing matter, and there is no evidence that Mr. Dannenberg was not diligent in the resolution of this case. However, I find one adjustment is appropriate. Petitioner's fees application was rather simple, and also largely replicated arguments previously made (but rejected) in other cases, and I therefore do not agree that it warranted 5.5 hours of work. I will thus cut this amount in half and award only 2.75 hours for this task. I find no objection with the remainder of the requested hours, and thus will award a total of 48.85 hours.[7]

As noted above, Petitioner additionally requests an award of litigation costs for counsel of $110.98, reflecting payments for medical records, postage fees, and travel-related costs. Fees App. at 9. Respondent has offered no specific objections to these costs, and upon review of the record I find that they are reasonable. I also award the $400.00 in expenses incurred exclusively by Mr. Dier.

Accordingly, based on the reasonableness of Petitioner's request, I hereby GRANT in part Petitioner's Motion for attorney's fees and costs. I award a total of **$11,718.78** as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Mr. Paul S. Dannenberg, Esq., representing $11,607.80 in attorney's fees and $110.98 in costs. I award separate costs payable solely to Hilton H. Dier in the amount of **$400.00**.

---

[6] In the exercise of my discretion, I am not providing an upward adjustment for the 5.5 hours of work spent preparing the fees application, and will instead apply the 2016 hourly rate to these hours. The CPI Inflation Calculator, which I have typically utilized to adjust hourly rates for inflation, does not yet have a calculation for 2017. *See* CPI Inflation Calculator, U.S. Bureau of Labor Statistics, http://data.bls.gov/cgi-bin/cpicalc.pl (last accessed Jan. 17, 2017).

[7] Of this awarded amount, Mr. Dannenberg performed 18.5 hours in 2014 and 2015, with the remaining 30.35 hours performed in 2016 through the present.

The clerk of the Court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[8] Pursuant to Vaccine Rule 11(a), entry of judgment may be expedited by the parties' joint filing of notice renouncing the right to seek review.